**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Juan Ruvalcaba, *on behalf of himself and others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>United HealthCare Services, Inc.<br><br>Defendant. | Civil Action No. 26-cv-4929<br><br>Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

**Nature of the Action**

1. Juan Ruvalcaba ("Plaintiff") brings this class action against United HealthCare Services, Inc. ("United") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3. United routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4. More specifically, United routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because United is located in Hennepin County, Minnesota.

**Parties**

7. Plaintiff is a natural person.

8. Plaintiff resides in Tujunga, California.

9. United is a health benefits and member communications company.

10. United is located in Hennepin County, Minnesota.

**Factual Allegations**

11. For the relevant time period, Plaintiff has been the sole and customary user of telephone number (818) 714-XXXX.

12. For the relevant time period, telephone number (818) 714-XXXX has been assigned to a cellular telephone service.

13. On August 22, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

14. The voice message referenced at paragraph 13 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

15. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 13.

16. On September 11, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

17. The voice message referenced at paragraph 16 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

18. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 16.

19. On September 14, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

20. The voice message referenced at paragraph 19 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

21. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 19.

22. On September 18, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

23. The voice message referenced at paragraph 22 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

24. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 22.

25. On November 3, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

26. The voice message referenced at paragraph 25 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

27. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 25.

28. On November 7, 2023, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

29. The voice message referenced at paragraph 28 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

30. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 28.

31. On January 10, 2024, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

32. The voice message referenced at paragraph 31 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

33. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 31.

34. On March 21, 2024, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

35. The voice message referenced at paragraph 34 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

36. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 34.

37. On April 9, 2024, United placed a call to telephone number (818) 714-XXXX, in connection with which it delivered a voice message.

38. The voice message referenced at paragraph 37 uses speech patterns, cadence, and tone common to artificial or prerecorded voice messages, and not common in live speech.

39. Plaintiff listened to the artificial or prerecorded voice message referenced at paragraph 37.

40. United did not have Plaintiff's prior express consent to place calls to telephone number (818) 714-XXXX.

41. United did not have Plaintiff's prior express consent to deliver artificial or prerecorded voice messages to telephone number (818) 714-XXXX.

42. Plaintiff never provided telephone number (818) 714-XXXX to United.

43. Plaintiff never had any business relationship with United.

44. Plaintiff does not have, and never had, a health plan with United.

45. United's calls to telephone number (818) 714-XXXX were intended for someone other than Plaintiff.

46. Plaintiff does not know the person United intended to reach by placing its calls to telephone number (818) 714-XXXX.

47. Plaintiff did not authorize anyone to use telephone number (818) 714-XXXX in connection with United's services.

48. United did not place any calls to telephone number (818) 714-XXXX for emergency purposes.

49. United did not deliver any artificial or prerecorded voice messages to telephone number (818) 714-XXXX for emergency purposes.

50. United placed its calls and delivered artificial or prerecorded voice messages to telephone number (818) 714-XXXX under its own free will.

51. United had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone number (818) 714-XXXX.

52. Plaintiff suffered actual harm as a result of United's calls and artificial or prerecorded voice messages at issue, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

53. United, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

54. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom United HealthCare Services, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a United HealthCare Services, Inc. member or plan holder, (3) in connection with which United HealthCare Services, Inc. used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

55. Excluded from the class are United, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which United has or had a controlling interest.

56. Upon information and good faith belief, the members of the class are so numerous that joinder of all of them is impracticable.

57. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

58. The class is ascertainable because it is defined by reference to objective criteria.

59. In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by United and third parties, including class members.

60. Plaintiff's claims are typical of the claims of the members of the class.

61. As it did for all members of the class, United placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

62. Plaintiff's claim, and the class members' claims, originate from the same conduct, practice and procedure on the part of United.

63. Plaintiff's claims are based on the same theories as the claims of the members of the class.

64. Plaintiff suffered the same injuries as the members of the class.

65. Like all members of the class, Plaintiff received artificial or prerecorded voice messages from United, without his consent, in violation of 47 U.S.C. § 227.

66. As it did to all members of the class, United placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone number even though he is not, and never was, a member of United or plan holder of United.

67. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

68. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

69. Plaintiff will vigorously pursue the claims of the members of the class.

70. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

71. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

72. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

73. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

74. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

75. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for United.

76. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

77. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

78. There will be little difficulty in the management of this action as a class action.

79. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that United has acted on grounds generally applicable to the class.

80. Among the issues of law and fact common to the class:

a. United's violations of the TCPA;

b. United's conduct, pattern, and practice as it pertains to placing calls to wrong or reassigned cellular telephone numbers;

c. United's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers; and

d. the availability of statutory damages.

81. Absent a class action, United's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

82. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 81.

83. United violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to telephone number (818) 714-XXXX, and the cellular telephone numbers of the members of the class, without consent.

84. United willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to (818) 714-XXXX, and the cellular telephone numbers of the members of the class, without consent.

85. As a result of United's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

86. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, designating Plaintiff as the class representative, and designating Plaintiff's counsel as class counsel under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging that United violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining United from continuing to place calls, or cause to be placed calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiff and members of the class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c) Awarding Plaintiff and members of the class damages pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff and members of the class treble damages pursuant to 47 U.S.C. § 227(b)(3);

e) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g) Awarding such other and further relief as the Court may deem just and proper.

**Jury Trial Demanded**

Plaintiff demands a trial by jury.

Dated: November 19, 2026

*/s/ Thomas J. Lyons, Jr.*
Thomas J. Lyons, Jr, Esq.
Minnesota Attorney I.D. #0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
tommy@ConsumerJusticeCenter.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Jesse S. Johnson (*pro hac vice* application to be filed)
GREENWALD DAVIDSON RADBIL PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431

(561) 826-5477
aradbil@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*